UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHY R. KAMINSKI,

                    Plaintiff,

vs.

ROBERT ANDERSON and
TOWN OF AMHERST,

                    Defendant.

**NOTICE OF NOTICE OF
REMOVAL**

Civil Action No.:_____

---

PLEASE TAKE NOTICE that a Notice of Removal of the above-entitled action from the

Supreme Court of the State of New York, County of Erie to the United States District Court for

the Western District of New York (a copy of which is annexed hereto) was duly filed this day in

the United States District Court for the Western District of New York.

DATED:      March 24, 2008
            Buffalo, New York

                              Yours, etc.

                              _____
                              Dale A. Ehman, Esq.
                              BOUVIER PARTNERSHIP, LLP
                              Attorneys for Defendants
                              Office and P.O. Address
                              350 Main Street, Suite 1400
                              Buffalo, New York  14202-3714
                              (716) 856-1344

TO:   CLERK OF THE COURT
      SUPREME COURT, ERIE COUNTY
      25 Delaware Avenue
      Buffalo, New York 14202

      David G. Jay, Esq.
      Law Office of David G. Jay
      Attorneys for Plaintiff
      69 Delaware Avenue, Suite 1103
      Buffalo, NY 14202
      (716) 856-6300

## CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
COUNTY OF ERIE       ) SS:
CITY OF BUFFALO     )

     Cheryl B. Puinno, being duly sworn, deposes and says deponent is not a party of this action, is over 18 years of age and resides at Niagara Falls, Ontario. On the 24th day of March 2008, deponent served the within Notice of Notice of Removal on:

     David G. Jay, Esq.
     Law Office of David G. Jay
     69 Delaware Avenue, Suite 1103
     Buffalo, NY 14202

in this action at the address, designated by said attorney for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a Post Office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Cheryl B. Puinno

Subscribed and sworn to before me
this 24th day of March 2008.

Notary Public, State of New York

SUSAN A. WHITED
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Dec. 20, 2008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHY R. KAMINSKI,

                            Plaintiff,                **NOTICE OF REMOVAL**

vs.                                          Civil Action No.:_____

ROBERT ANDERSON and
TOWN OF AMHERST,

                            Defendant.

---

       Defendants, ROBERT ANDERSON and TOWN OF AMHERST, by their attorneys, Bouvier Partnership, LLP, respectfully seek the removal of this civil action pursuant to 28 U.S.C. § 1441 et seq., and state as follows:

       1.      Defendants, Robert Anderson and Town of Amherst, exercise their right pursuant to 28 U.S.C. § 1441 et. seq. to remove this action form the Supreme Court of the State of New York, County of Erie, to this Court.

       2.      Plaintiff, Kathy R. Kaminski, commenced this action in the New York State Supreme Court, County of Erie, by the filing of a summons and verified complaint in the Erie County Clerk's Office on March 4, 2008.

       3.      Pursuant to 28 U.S.C. § 1446, defendants annex hereto as **Exhibit A** a copy of the plaintiff's summons and verified complaint.  The summons and complaint constitute all of the processes, pleadings and orders in this matter thus far.

       4.      Defendants are serving and filing concurrently with this Notice of Removal defendants' verified answer to the complaint.  Annexed hereto as **Exhibit B** is a copy of the

defendants' answer.

5.    Plaintiff's complaint sets forth a cause of action against all defendants claiming a deprivation of her constitutional rights in violation of 42 U.S.C. § 1983, thereby presenting a basis for federal question subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331, 28 U.S. C. § 1441 (b) and 28 U.S.C. § 1443 (2).

6.    This Notice of Removal is timely under 28 U.S.C. § 1446, and is made within thirty (30) days of service of the Summons and Complaint.

7.    All documents filed in State Court relative to this matter are attached herein, and a copy of this Notice of Removal and attachments is simultaneously being provided to plaintiff's counsel; being filed with the United States District Court in the Western District of New York; and also being filed in the Clerk of the Supreme Court of the State of New York, County of Erie, as required by 28 U.S.C. § 1446.

**WHEREFORE,** defendants, Robert Anderson and Town of Amherst, respectfully request that this action be removed to this Court and that it be placed on the docket of this Court for further proceedings.

DATED:    March 24, 2008
          Buffalo, New York

                                        Yours, etc.

                                        _Dale A. Ehman_

                                        Dale A. Ehman, Esq.
                                        Bouvier Partnership, LLP
                                        Attorneys for Defendants
                                        350 Main Street, Suite 1400
                                        Buffalo, New York 14202-3714
                                        (716) 856-1344

To:   Rodney C. Early,
       Clerk of the Court
       68 Court Street
       Buffalo, New York 14202

       David G. Jay, Esq.
       Law Office of David G. Jay
       Attorneys for Plaintiff
       69 Delaware Avenue, Suite 1103
       Buffalo, NY  14202
       (716) 856-6300

CERTIFICATE OF SERVICE

STATE OF NEW YORK  )
COUNTY OF ERIE   ) SS:
CITY OF BUFFALO   )


  Cheryl B. Puinno, being duly sworn, deposes and says deponent is not a party of this action, is over 18 years of age and resides at Niagara Falls, Ontario. On the 24th day of March 2008, deponent served the within Notice of Removal and Index on:


  David G. Jay, Esq.
  Law Office of David G. Jay
  69 Delaware Avenue, Suite 1103
  Buffalo, NY  14202


in this action at the address, designated by said attorney for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a Post Office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_Cheryl B. Puinno_
Cheryl B. Puinno


Subscribed and sworn to before me
this 24th day of March 2008.

_Susan A. Whited_

Notary Public, State of New York

SUSAN A. WHITED
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Dec. 20, 2008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHY R. KAMINSKI,

                              Plaintiff,

vs.

ROBERT ANDERSON and
TOWN OF AMHERST,

                 Defendant.

---

**INDEX OF DOCUMENTS
FILED IN ERIE COUNTY
CLERK'S OFFICE**

Civil Action No.:_____

 

1.     Plaintiff's summons and complaint, filed on March 4, 2008, and annexed to

Notice of Removal as Exhibit A.

DATED:     March 24, 2008
             Buffalo, New York

                                          Yours, etc.

                                          Dale A. Ehman, Esq.
                                          Bouvier Partnership, LLP
                                          Attorneys for Defendants
                                          350 Main Street, Suite 1400
                                          Buffalo, New York 14202-3714
                                          (716) 856-1344

To:    Rodney C. Early,
        Clerk of the Court
        68 Court Street
        Buffalo, New York 14202

David G. Jay, Esq.
Law Office of David G. Jay
Attorneys for Plaintiff
69 Delaware Avenue, Suite 1103
Buffalo, NY 14202
(716) 856-6300

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

**KATHY R. KAMINSKI**
40 Plaza Drive
Williamsville, NY 14221,

FILED
03/04/2008/ 09:01:07
ERIE COUNTY CLERK
RCPT # 494929
I 2008002676

Plaintiff,

v.

**SUMMONS**
Served With Complaint

**ROBERT ANDERSON**
Town of Amherst Highway Department
1042 North Forest Road
Williamsville, NY 14221
    and
**TOWN OF AMHERST**
5583 Main Street
Williamsville, NY 14221,

*INDEX NO. 2008-2676*

Defendants.

---

**TO THE ABOVE NAMED DEFENDANT(S):**

## YOU ARE HEREBY SUMMONED AND REQUIRED to serve

upon the attorney for the plaintiff(s), at the address stated below, a written Answer to
the attached Complaint.

If this Summons is served upon you within the State of New York by personal
service, you must respond within twenty (20) days after service, not counting the day of
service. If this Summons is not personally delivered to you within the State of New
York, you must respond within THIRTY (30) days after service is completed, as
provided by law.

If you do not respond to the attached Complaint within the applicable time
limitation stated above, a Judgment will be entered against you, by default, for the relief
demanded in the Complaint, without further notice to you.

This action in brought in the County of Erie because:
  X  Plaintiff's residence or place of business        Defendant's residence
                        Designation made by Plaintiff

DATED: Buffalo, New York
    March 3, 2008

DAVID GERALD JAY
Attorneys for Plaintiff
69 Delaware Avenue, Suite 1103
Buffalo, NY 14202
Phone: (716) 856-6300



ACTIONS ...

MAR 0 4 2008

ERIE COUNTY
CLERK'S OFFICE

STATE OF NEW YORK
SUPREME COURT　：：　COUNTY OF ERIE

KATHY R. KAMINSKI,

Plaintiff

v.

**COMPLAINT**

ROBERT ANDERSON,

INDEX NO.　_2008 - 2676_

and

TOWN OF AMHERST,

Defendants.

Plaintiff, by her attorney, DAVID GERALD JAY, as
and for her Complaint against the defendants herein, alleges:

### JURISDICTION OVER THE PARTIES AND VENUE

1.　Plaintiff is and at all times hereinafter mentioned
was a resident of the Town of Amherst, County of Erie and State
of New York.

2.　Defendant ANDERSON is and at all times hereinafter
mentioned was a resident of the Town of Amherst, County of
Erie and State of New York.

3.　Defendant TOWN OF AMHERST was at all times hereinafter
mentioned was and is a municipal corporation duly organized
and existing under and pursuant to the laws of the State of
New York with offices for the conduct of its business located

- 1 -

in the Town of Amherst, County of Erie and State of New York.

## SUBJECT MATTER JURISDICTION

4.   This is an action for damages and permanent injunction
commenced pursuant to the provisions of 42 U.S.C. § 1983.

5.   This court has jurisdiction over this claim pursuant
to the teachings of Maine v. Thiboutot, 404 U.S. 1 (1980).

6.   Defendants, at the times and places indicated,
were acting under color of law of the State of New York and
deprived plaintiff of the privileges and immunities guaranteed
to every citizen of the United States, including plaintiff,
by the United States Constitution, Amendment 1 and Section
1 of Amendment 14, and by reason thereof, this Court has jurisdiction
over plaintiff's claims for violation of her Federal Civil
Rights, pursuant to the provisions of 42 U.S.C. § 1983.

## THE CLAIM

7.   Plaintiff is a long term employee of the Town
of Amherst Highway Department.

8.   Defendant ANDERSON is Superintendent of Highways

- 2 -

of the Town of Amherst and the highest managerial employee
of said Highway Department.

9. Plaintiff was the nominee of the Democratic Party
for the office of Superintendent of Highways in the Town of
Amherst during the election season commencing on or about the
first day of June, 2007.

10. Defendant ANDERSON was the nominee of the Republican
Party for the office of Superintendent of Highways in the Town
of Amherst during the election season commencing on or about
the first day of June, 2007.

11. Defendant ANDERSON was elected to another term
as Amherst Highway Superintendent in the general election held
in November, 2007.

12. Defendant ANDERSON took office on or about January
1, 2008 for another four year term as Highway Superintendent.

13. On or about June 1, 2007, unhappy with plaintiff
deigning to run against him for his position, and in retaliation
for the political decision plaintiff had made to accept the
endorsement of the Democratic Party, the defendant ANDERSON
developed an unconstitutional employment policy referable to

- 3 -

plaintiff which has deprived her of a safe, reasonable and productive work environment, which policy continues to the date of this complaint and will continue unless there is Court intervention.

14. Said policy gave rise to the following events, among others, which constitute retaliation for plaintiff having exercised her first amendment rights:

a. Plaintiff was deprived of her ability to directly supervise her subordinates since she was required to remain at the Highway Department base of operations, while her subordinates performed their work functions in various areas of the Town.

b. Although plaintiff had been assigned to the forestry function of the Highway Department for a period exceeding ten years, defendants reassigned her to the function of supervising the picking up of waste metal objects throughout the town.

c. During that assignment, plaintiff was required to spend her entire work day in a vehicle and was not permitted to leave the Highway Department grounds, as a result of which, she became ill due to carbon monoxide poisoning.

d. Addditionally, plaintiff was unable to supervise

- 4 -

any member of her crew since she was required to stay at the Highway Department base of operations and not permitted to attend to the direct supervision of her crew.

e. Plaintiff has recently been reassigned to the Golf Course Maintenance function of the Highway Department, deprived of the use of one of the late model trucks owned by the Town and reassigned to one of the oldest trucks in the fleet which is difficult for plaintiff to operate in many respects. The operator's seat is frozen in place with the pedals difficult to reach. The height of the vehicle is such that a step had to be ordered and will have to be installed so that plaintiff can get into the vehicle.

f. When it became known that plaintiff was running for office, she was deprived of her desk and telephone and removed from the forestry office and placed in the foreman's room.

g. At least one employee of the Highway Department was advised by defendants to shun plaintiff and not engage in any conversation with her.

15. Since defendant ANDERSON is the highest policy maker in the Highway Department of the Town of Amherst, said

- 5 -

policy has become the policy of the defendant TOWN OF AMHERST, making said Town responsible for his actions.

16.  Said policy has denied plaintiff the right to pursue her career in public employment free from politically based considerations and in violation of her first amendment rights to freedom of association and political expression.

17.  The implementation of said policy has violated the aforesaid constitutional rights of plaintiff which allow her to exercise her political views and allow her to associate with any political organization of her choosing without fear of retaliation for the exercise of those rights by the government or agents of the government.

18.  Defendant ANDERSON has perverted the official non-discriminatory policy of the defendant TOWN OF AMHERST to underwrite his own political agenda to punish persons such as plaintiff who have the temerity to run for political office as the candidate of a political party which opposes him and his political party.

19.  By his actions, defendant ANDERSON has made the political aims of the Republican party the official policy of the Defendant TOWN OF AMHERST.

- 6 -

20. That the actions of the defendant ANDERSON were malicious, illegal and oppressive and were performed without regard to the reasonable actions of responsible public officials in a multi-party society.

WHEREFORE, plaintiff demands judgment as follows:

(1) General Damages against the defendant ANDERSON in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars, or such other amount as a jury may award;

(2) Exemplary or punitive damages against the defendant ANDERSON in the sum of Two Hundred Fifty Thousand ($250,000.00) Dollars, or such other amount as a jury may award;

(3) General damages against the defendant TOWN OF AMHERST in such sum as a jury may allow in damages, which sum exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action;

(4) Injunctive relief directing that the defendants refrain from permitting political considerations to interfere with the employment status of plaintiff;

- 7 -

(5)  Attorneys fees pursuant to the provisions of 42 U.S.C. Section 1988.

(6)  Trial by jury.

(7)  All together with the costs and disbursements of this action.

DATED:  Buffalo, New York
        March 3, 2008

                    DAVID GERALD JAY

                    By:  David Gerald Jay
                    Attorneys for Plaintiff
                    69 Delaware Ave., Suite 1103
                    Buffalo, NY 14202
                    (716) 856-6300

- 8 -

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE        ) ss:
CITY OF BUFFALO      )

KATHY R. KAMINSKI, being duly sworn, deposes and says that she is the Plaintiff herein and has read the foregoing Complaint and knows the contents thereof; that the same is true to the knowledge of the Plaintiff except as to the matters therein stated to be alleged on information and belief and that as to those matters, she believes it to be true.

KATHY R. KAMINSKI

Sworn to before me this
_____ 3d  _____ day of March, 2008.

Notary Public

DAVID GERALD JAY
Notary Public, State of New York
Qualified in Erie County Reg. #1920805
My Commission Expires July 31, 2009

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHY R. KAMINSKI,

                              Plaintiff,

vs.

ROBERT ANDERSON and
TOWN OF AMHERST,

                              Defendants.

**ANSWER**

Civil Action No. _____

---

SIRS:

Defendants, Robert Anderson and Town of Amherst, by their attorneys, Bouvier Partnership,

LLP, as and for their answer in response to plaintiff's Complaint, herein allege, upon information

and belief, and at all times relevant, that:

1.    Admit paragraphs 1, 2, and 3.

### AS AND FOR THEIR ANSWER TO THE SUBJECT MATTER JURISDICTION CAUSE OF ACTION, THESE ANSWERING DEFENDANTS ALLEGE:

2.    Repeat and reallege the above admissions and denials as they relate to paragraphs

1 through 3, inclusive of the Complaint, with the same force and effect as though more fully set forth

herein.

3.    State that they are unable to set forth an answer to paragraphs 4 and 5 as they call for

a legal conclusion. However, to the extent these defendants are required to answer, they deny

knowledge or information sufficient to form a belief to the allegations set forth in the said paragraphs

4 and 5.

    4.     Deny paragraph 6.

### AS AND FOR THEIR ANSWER TO THE CLAIM
### CAUSE OF ACTION, THESE ANSWERING DEFENDANTS ALLEGE:

    5.     Repeat and reallege the above admissions and denials as they relate to paragraphs

1 through 6, inclusive of the Complaint, with the same force and effect as though more fully set forth

herein.

    6.     Admit paragraphs 7, 8, 9, 10, 11, and 12.

    7.     Deny paragraph 13, 14, 15, 16, 17, 18, 19, and 20.

### AS AND FOR THEIR ANSWER TO ALL CAUSES OF ACTION,
### THESE ANSWERING DEFENDANTS ALLEGE:

    8.     Deny any knowledge or information sufficient to form a belief as to each and every

other allegation in said Complaint contained, not hereinbefore specifically admitted or denied, and

therefore deny same.

### AS AND FOR A FIRST SEPARATE, COMPLETE AND DISTINCT
### AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

    9.     That the plaintiff herein has failed to state a valid cause of action upon which relief

can be granted against the answering defendants.

### AS AND FOR A SECOND SEPARATE, COMPLETE AND DISTINCT
### AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

    10.    That neither the defendant, Town of Amherst, or the defendant, Robert Anderson, as

the Superintendent of Highways for the Town of Amherst, have implemented or enacted any policy,

custom, or practice to deprive the plaintiff of any constitutional rights alleged in the complaint.

## AS AND FOR A THIRD SEPARATE, COMPLETE AND DISTINCT
## AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

11.     That the defendants are entitled to qualified immunity with respect to the allegations

contained in the Complaint in that any actions allegedly taken by Robert Anderson or any other

employee of the Town of Amherst alleged in the Complaint to have violated plaintiff's constitutional

rights were justified by good faith and were objectively reasonable under the circumstances.

## AS AND FOR A FOURTH SEPARATE, COMPLETE AND DISTINCT
## AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

12.     That any claim by the plaintiff herein for damages allegedly resulting from carbon

monoxide poisoning while in the course of her employment with the Town of Amherst would be

barred by reason of the Workers Compensation Law for the State of New York.

## AS AND FOR A FIFTH SEPARATE, COMPLETE AND DISTINCT
## AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

13.     That, upon information and belief, the plaintiff has not exhausted any and all

administrative remedies available to her as an employee of the Town of Amherst and a member of

a local union bargaining group.

## AS AND FOR A SIXTH SEPARATE, COMPLETE AND DISTINCT
## AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

14.     Upon information and belief, any claim of the plaintiff for punitive damages is barred

based upon the doctrine of governmental immunity.

## AS AND FOR A SEVENTH SEPARATE, COMPLETE AND DISTINCT
## AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

15.     Upon information and belief, plaintiff has not complied with the requirements of New

York State General Municipal Law §50-e, §50-h and §50-i.

16.     To the extent the plaintiff is making claims in the complaint for liability or damages

for which a notice of claim is required, such claims are barred as plaintiff failed to file a notice of

claim.

### AS AND FOR A EIGHTH SEPARATE, COMPLETE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

17.     Upon information and belief, the plaintiff has failed to mitigate or otherwise act to

lessen or reduce the injuries, disabilities, and damages alleged in the complaint.

### DEFENDANTS DEMAND A TRIAL BY JURY.

WHEREFORE, defendants demand judgment dismissing the plaintiff's Complaint, together

with the costs and disbursements of this action, and further demands trial by jury.

DATED:     March 24, 2008
           Buffalo, New York

                                        Yours, etc.

                                        Dale A. Ehman, Esq.
                                        Bouvier Partnership, LLP
                                        Attorneys for Defendants
                                        350 Main Street, Suite 1400
                                        Buffalo, New York 14202-3714
                                        (716) 856-1344

To:     David G. Jay, Esq.
        Law Office of David G. Jay
        Attorneys for Plaintiff
        69 Delaware Avenue, Suite 1103
        Buffalo, NY  14202
        (716) 856-6300

## CORPORATE VERIFICATION

STATE OF NEW YORK    )
COUNTY OF ERIE       )    ss.:
TOWN OF AMHERST      )

E. Thomas Jones, being duly sworn, deposes and says:

That he is the Town Attorney for the Town of Amherst, the municipality named in the within entitled action;

That he has read the foregoing Answer and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters he believes it to be true.

Deponent further says that the reason this verification is made by deponent and not by Town of Amherst is because the said Town of Amherst is a municipality and the grounds of deponent's belief as to all matters in the said Answer not stated upon his own knowledge, are investigations which deponent has caused to be made concerning the subject matter in the course of his duties as an officer of said Town of Amherst and from the books and papers of said corporation.

Town of Amherst

By_____

E. Thomas Jones, Town Attorney

Subscribed and sworn to before me
this 19th day of March 2008.

_____
Notary Public, State of New York

ALAN P. McCRACKEN
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES MARCH 30, 20__

## CERTIFICATE OF SERVICE

STATE OF NEW YORK ) 
COUNTY OF ERIE ) SS:
CITY OF BUFFALO )

Cheryl B. Puinno, being duly sworn, deposes and says deponent is not a party of this action, is over 18 years of age and resides at Niagara Falls, Ontario. On the 24th day of March 2008, deponent served the within Answer on:

David G. Jay, Esq.
Law Office of David G. Jay
69 Delaware Avenue, Suite 1103
Buffalo, NY 14202

in this action at the address, designated by said attorney for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a Post Office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Cheryl B. Puinno

Subscribed and sworn to before me
this 24th day of March 2008.

Susan A. Whited

Notary Public, State of New York

SUSAN A. WHITED
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Dec. 20, 2008