UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATHY R. KAMINSKI,

                Plaintiff,

vs.

ROBERT ANDERSON and
TOWN OF AMHERST,

                Defendants.

**ANSWER**

Civil Action No. _____

---

SIRS:

      Defendants, Robert Anderson and Town of Amherst, by their attorneys, Bouvier Partnership, LLP, as and for their answer in response to plaintiff's Complaint, herein allege, upon information and belief, and at all times relevant, that:

    1.    Admit paragraphs 1, 2, and 3.

### AS AND FOR THEIR ANSWER TO THE SUBJECT MATTER JURISDICTION CAUSE OF ACTION, THESE ANSWERING DEFENDANTS ALLEGE:

    2.    Repeat and reallege the above admissions and denials as they relate to paragraphs 1 through 3, inclusive of the Complaint, with the same force and effect as though more fully set forth herein.

    3.    State that they are unable to set forth an answer to paragraphs 4 and 5 as they call for a legal conclusion. However, to the extent these defendants are required to answer, they deny knowledge or information sufficient to form a belief to the allegations set forth in the said paragraphs

4 and 5.

4. Deny paragraph 6.

### AS AND FOR THEIR ANSWER TO THE CLAIM
### CAUSE OF ACTION, THESE ANSWERING DEFENDANTS ALLEGE:

5. Repeat and reallege the above admissions and denials as they relate to paragraphs 1 through 6, inclusive of the Complaint, with the same force and effect as though more fully set forth herein.

6. Admit paragraphs 7, 8, 9, 10, 11, and 12.

7. Deny paragraph 13, 14, 15, 16, 17, 18, 19, and 20.

### AS AND FOR THEIR ANSWER TO ALL CAUSES OF ACTION,
### THESE ANSWERING DEFENDANTS ALLEGE:

8. Deny any knowledge or information sufficient to form a belief as to each and every other allegation in said Complaint contained, not hereinbefore specifically admitted or denied, and therefore deny same.

### AS AND FOR A FIRST SEPARATE, COMPLETE AND DISTINCT
### AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

9. That the plaintiff herein has failed to state a valid cause of action upon which relief can be granted against the answering defendants.

### AS AND FOR A SECOND SEPARATE, COMPLETE AND DISTINCT
### AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

10. That neither the defendant, Town of Amherst, or the defendant, Robert Anderson, as the Superintendent of Highways for the Town of Amherst, have implemented or enacted any policy, custom, or practice to deprive the plaintiff of any constitutional rights alleged in the complaint.

**AS AND FOR A THIRD SEPARATE, COMPLETE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:**

11.  That the defendants are entitled to qualified immunity with respect to the allegations contained in the Complaint in that any actions allegedly taken by Robert Anderson or any other employee of the Town of Amherst alleged in the Complaint to have violated plaintiff's constitutional rights were justified by good faith and were objectively reasonable under the circumstances.

**AS AND FOR A FOURTH SEPARATE, COMPLETE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:**

12.  That any claim by the plaintiff herein for damages allegedly resulting from carbon monoxide poisoning while in the course of her employment with the Town of Amherst would be barred by reason of the Workers Compensation Law for the State of New York.

**AS AND FOR A FIFTH SEPARATE, COMPLETE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:**

13.  That, upon information and belief, the plaintiff has not exhausted any and all administrative remedies available to her as an employee of the Town of Amherst and a member of a local union bargaining group.

**AS AND FOR A SIXTH SEPARATE, COMPLETE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:**

14.  Upon information and belief, any claim of the plaintiff for punitive damages is barred based upon the doctrine of governmental immunity.

**AS AND FOR A SEVENTH SEPARATE, COMPLETE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:**

15.  Upon information and belief, plaintiff has not complied with the requirements of New York State General Municipal Law §50-e, §50-h and §50-i.

16.    To the extent the plaintiff is making claims in the complaint for liability or damages for which a notice of claim is required, such claims are barred as plaintiff failed to file a notice of claim.

### AS AND FOR A EIGHTH SEPARATE, COMPLETE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE:

17.    Upon information and belief, the plaintiff has failed to mitigate or otherwise act to lessen or reduce the injuries, disabilities, and damages alleged in the complaint.

### DEFENDANTS DEMAND A TRIAL BY JURY.

WHEREFORE, defendants demand judgment dismissing the plaintiff's Complaint, together with the costs and disbursements of this action, and further demands trial by jury.

DATED:    March 24, 2008
               Buffalo, New York

                                            Yours, etc.

                                            Dale A. Ehman, Esq.
                                            Bouvier Partnership, LLP
                                            Attorneys for Defendants
                                            350 Main Street, Suite 1400
                                            Buffalo, New York 14202-3714
                                            (716) 856-1344

To:    David G. Jay, Esq.
        Law Office of David G. Jay
        Attorneys for Plaintiff
        69 Delaware Avenue, Suite 1103
        Buffalo, NY 14202
        (716) 856-6300

## CORPORATE VERIFICATION

STATE OF NEW YORK )
COUNTY OF ERIE ) ss.:
TOWN OF AMHERST )

E. Thomas Jones, being duly sworn, deposes and says:

That he is the Town Attorney for the Town of Amherst, the municipality named in the within entitled action;

That he has read the foregoing Answer and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters he believes it to be true.

Deponent further says that the reason this verification is made by deponent and not by Town of Amherst is because the said Town of Amherst is a municipality and the grounds of deponent's belief as to all matters in the said Answer not stated upon his own knowledge, are investigations which deponent has caused to be made concerning the subject matter in the course of his duties as an officer of said Town of Amherst and from the books and papers of said corporation.

Town of Amherst

By_____
E. Thomas Jones, Town Attorney

Subscribed and sworn to before me
this 19th day of March 2008.

_____
Notary Public, State of New York

ALAN P. McCRACKEN
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
MY COMMISSION EXPIRES MARCH 30, 20__

CERTIFICATE OF SERVICE

STATE OF NEW YORK    )
COUNTY OF ERIE       ) SS:
CITY OF BUFFALO      )


     Cheryl B. Puinno, being duly sworn, deposes and says deponent is not a party of this action, is over 18 years of age and resides at Niagara Falls, Ontario. On the 24th day of March 2008, deponent served the within Answer on:


    David G. Jay, Esq.
    Law Office of David G. Jay
    69 Delaware Avenue, Suite 1103
    Buffalo, NY  14202


in this action at the address, designated by said attorney for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a Post Office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                                       _____
                                                                       Cheryl B. Puinno


Subscribed and sworn to before me
this 24th day of March 2008.


_____
Notary Public, State of New York

      SUSAN A. WHITED
   Notary Public, State of New York
     Qualified in Erie County
 My Commission Expires Dec. 20, 2008